# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):     **Jaslyn V Farrell**                                        Case No:  **10-75656**


This plan, dated ___**December 15, 2010**___, is:

> ☒ the *first* Chapter 13 plan filed in this case.
> ☐ a modified Plan, which replaces the
> ☐ confirmed or ☐ unconfirmed Plan dated .

> Date and Time of <u>Modified Plan</u> Confirming Hearing:

> Place of <u>Modified Plan</u> Confirmation Hearing:


> The Plan provisions modified by this filing are:


> Creditors affected by this modification are:


**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$161,447.17**
Total Non-Priority Unsecured Debt: **$31,965.44**
Total Priority Debt: **$0.00**
Total Secured Debt: **$129,282.32**

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                                        Best Case Bankruptcy

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$100.00 Monthly for 21 months, then $174.00 Monthly for 15 months**. Other payments to the Trustee are as follows: ___**NONE**___. The total amount to be paid into the plan is $ __4,710.00__.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

        1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).

        2. Debtor(s)' attorney will be paid $ __3,000.00__ balance due of the total fee of $ __3,000.00__ concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|----------|------------------|-----------------|------------------|
| -NONE- | | | |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A. **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|----------|-----------|---------------|---------------|-------------------|
| **United Consumer Financial Services** | **Vacuum cleaner** | **Opened 5/01/09** | **2,080.00** | **200.00** |

    B. **Real or Personal Property to be Surrendered.**

    Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|----------|------------------------|-----------------|------------------------|
| **Chase Auto** | **Auto: 2005 Lincoln Avaitor, Used, Good,76000.** | **10,021.00** | **13,984.00** |

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037        Best Case Bankruptcy

C.    **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **United Consumer Financial Services** | **Vacuum cleaner** | **5.00** | **trustee** |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D.    **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **United Consumer Financial Services** | **Vacuum cleaner** | **200.00** | **4.5%** | **$160.00 for approx. 2 months pursuant to payment order outlined in paragraph 11.** |

E.    **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4.    **Unsecured Claims.**

A.    **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __3__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

B.    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **-NONE-** | | |

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037     Best Case Bankruptcy

5.    **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

A.    **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.**  The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **BAC Home Loan Services/ Bank Of America** | **Residence:  3235 Peele Ct Virginia Beach VA 23453** | **851.00** | **0.00** | **0%** | **0 months** | n/a |
| **Santander Consumer USA** | **Auto: 2005 BMW 745LI Used Miles 5905** | **575.00** | **0.00** | **0%** | **0 months** | n/a |

B.    **Trustee to make contract payments and cure arrears, if any.**  The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

C.    **Restructured Mortgage Loans to be paid fully during term of Plan.**  Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

6.    **Unexpired Leases and Executory Contracts.**  The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

A.    **Executory contracts and unexpired leases to be rejected.**  The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

B.    **Executory contracts and unexpired leases to be assumed.**  The debtor(s) assume the following executory contracts.  The debtor agrees to abide by all terms of the agreement.  The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **Verizon** | cell phone | none | n/a | n/a |

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

**7.    Liens Which Debtor(s) Seek to Avoid.**

    **A.    The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**  The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions.  **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.**  If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

    **B.    Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).**  The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests.  The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief.  The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.    Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.    Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the Plan.  Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.    Incurrence of indebtedness.**  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**11.    Other provisions of this plan:**
**1. Payment of debtor's attorney fees:  The claim for debtor's attorney fees shall be paid from all funds available on the first disbursement after confirmation of plan, and each disbursement thereafter until such claim for attorney fees is paid in full, except as reserved for adequate protection payments, if any, on allowed secured claims and trustee commissions.**
**2. Adequate protection payments:  $5.00 to United Consumer Financial, and the trustee shall make no other adequate protection payments. The trustee in his sole discretion may hold and accumulate the adequate protection payments and disburse them in a manner and/or amount he deems fit, including in a minimum amount that he deems fiscally prudent and responsible for the trustee and/or the creditor.**
**3. Order of Payment:**
**In addition to any adequate protection payments and trustee commissions, payments to claims shall be paid in the following order: Debtor's Attorney fee first, then secured arrears, then secured claims, then priority unsecured claims, then general unsecured claims.**
**4. Plan steps up $74 increase in month 22 when 401k loan repaid.**

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

**Signatures:**

Dated:   <u>November 29, 2010</u>

<u>/s/ Jaslyn V Farrell</u>                                              <u>/s/ Michael J. Heath</u>

**Jaslyn V Farrell**                                                 **Michael J. Heath**

**Debtor**                                                         **Debtor's Attorney**

**Exhibits:**        **Copy of Debtor(s)' Budget (Schedules I and J);**
                          **Matrix of Parties Served with Plan**

Certificate of Service

     I certify that on   <u>December 15, 2010</u>  , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

                                 <u>/s/ Michael J. Heath</u>

                                 **Michael J. Heath**

                                 Signature

                                 **575 Lynnhaven Parkway, Suite 180**

                                 **Virginia Beach, VA 23452-7350**

                                 Address

                                 **(757)431-8665**

                                 Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

# United States Bankruptcy Court
## Eastern District of Virginia

In re    **Jaslyn V Farrell**                Case No.    **10-75656**

                    Debtor(s)         Chapter    **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:    **BAC Home Loan Services/ Bank Of America
P.O Box 5170
Simi Valley, CA 93062-5170**

*Name of creditor*

        **Residence: 3235 Peele Ct Virginia Beach VA 23453**

*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

     ☒      To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

     ☐      To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **02/01/2011** |
| Date and time of confirmation hearing: | **02/08/2011, 10:30 AM** |
| Place of confirmation hearing: | **Judge Santoro's Courtroom, 600 Granby Street, 4th Floor, Courtroom Two, Norfolk, Virginia** |

                                        **Jaslyn V Farrell**

                                        *Name(s) of debtor(s)*

                By:    **/s/ Michael J. Heath**

                           **Michael J. Heath**

                           *Signature*

                           ☒ Debtor(s)' Attorney
                           ☐ Pro se debtor

                           **Michael J. Heath**

                           *Name of attorney for debtor(s)*
                           **575 Lynnhaven Parkway, Suite 180
Virginia Beach, VA 23452-7350**
                           *Address of attorney [or pro se debtor]*

                           Tel. #    **(757)431-8665**
                           Fax #

# CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this __**December 15, 2010**__ .

**/s/ Michael J. Heath**

**Michael J. Heath**

*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia

In re   **Jaslyn V Farrell**

Debtor(s)

Case No.   **10-75656**

Chapter   **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:   **Chase Auto**
**PO BOX 78067**
**Phoenix, AZ 85062-3051**
*Name of creditor*

**Auto: 2005 Lincoln Avaitor, Used, Good,76000.**

**Location: 3235 Peele Court**
*Description of collateral*

1.   The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ☒   **To value your collateral.** *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐   To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2.   *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **02/01/2011** |
| Date and time of confirmation hearing: | **02/08/2011, 10:30 AM** |
| Place of confirmation hearing: | **Judge Santoro's Courtroom, 600 Granby Street, 4th Floor, Courtroom Two, Norfolk, Virginia** |

**Jaslyn V Farrell**
*Name(s) of debtor(s)*

By:   **/s/ Michael J. Heath**
**Michael J. Heath**
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**Michael J. Heath**
*Name of attorney for debtor(s)*
**575 Lynnhaven Parkway, Suite 180**
**Virginia Beach, VA 23452-7350**
*Address of attorney [or pro se debtor]*

Tel. #   **(757)431-8665**
Fax #

# CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this    **December 15, 2010**    .

**/s/ Michael J. Heath**

**Michael J. Heath**

*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia

In re   **Jaslyn V Farrell**                                                        Case No.   **10-75656**

_____
                                    Debtor(s)                          Chapter   **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:   **Santander Consumer USA**
      **P.O. Box 562088, Suite 900-N**
      **Dallas, TX 75247**
      _Name of creditor_

      **Auto: 2005 BMW 745LI Used Miles 5905**
      _Description of collateral_

1.   The attached chapter 13 plan filed by the debtor(s) proposes (_check one_):

     ☒   To value your collateral.  **_See Section 3 of the plan._**  Your lien will be limited to the value of the collateral, and any
         amount you are owed above the value of the collateral will be treated as an unsecured claim.

     ☐   To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  **_See
         Section 7 of the plan._**  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.   **_You should read the attached plan carefully for the details of how your claim is treated._**  The plan may be confirmed, and
the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing.
A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:                                         **02/01/2011**

Date and time of confirmation hearing:                      **02/08/2011, 10:30 AM**

Place of confirmation hearing:                              **Judge Santoro's Courtroom, 600 Granby Street, 4th**
                                                            **Floor, Courtroom Two, Norfolk, Virginia**

                                                            **Jaslyn V Farrell**
                                                            _Name(s) of debtor(s)_

                                              By:   **/s/ Michael J. Heath**
                                                    **Michael J. Heath**
                                                    _Signature_

                                                    ☒ Debtor(s)' Attorney
                                                    ☐ Pro se debtor

                                                    **Michael J. Heath**
                                                    _Name of attorney for debtor(s)_
                                                    **575 Lynnhaven Parkway, Suite 180**
                                                    **Virginia Beach, VA 23452-7350**
                                                    _Address of attorney [or pro se debtor]_

                                                    Tel. #   **(757)431-8665**
                                                    Fax #

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **December 15, 2010**   .

**/s/ Michael J. Heath**

**Michael J. Heath**

*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia

In re    **Jaslyn V Farrell**                                 Case No.    **10-75656**

                                  Debtor(s)                 Chapter      **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:
    **United Consumer Financial Services**
    **865 Bassett Rd**
    **Westlake, OH 44145**
    *Name of creditor*

    **Vacuum cleaner**
    *Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

    ☒    **To value your collateral.** *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

    ☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **02/01/2011** |
| Date and time of confirmation hearing: | **02/08/2011, 10:30 AM** |
| Place of confirmation hearing: | **Judge Santoro's Courtroom, 600 Granby Street, 4th Floor, Courtroom Two, Norfolk, Virginia** |

                               **Jaslyn V Farrell**
                               *Name(s) of debtor(s)*

By:    **/s/ Michael J. Heath**
         **Michael J. Heath**
         *Signature*

         ☒ Debtor(s)' Attorney
         ☐ Pro se debtor

         **Michael J. Heath**
         *Name of attorney for debtor(s)*
         **575 Lynnhaven Parkway, Suite 180**
         **Virginia Beach, VA 23452-7350**
         *Address of attorney [or pro se debtor]*

         Tel. #    **(757)431-8665**
         Fax #

# CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this ___**December 15, 2010**___ .

**/s/ Michael J. Heath**

**Michael J. Heath**

*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

In re __Jaslyn V Farrell__       Case No. __10-75656__

Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Single** | RELATIONSHIP(S):<br>**Grandson**<br>**Son** | AGE(S):<br>**13**<br>**17** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Loss Prevention Agent 111** | |
| Name of Employer | **Avis Budget Car Rental, LLC** | |
| How long employed | **7 Years  5 Months** | |
| Address of Employer | **c/o 6 Sylvan Way**<br>**Parsippany, NJ 07054** | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | | SPOUSE |
|---|---|---:|---|---:|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 2,399.80 | $ | N/A |
| 2. Estimate monthly overtime | $ | 0.00 | $ | N/A |
| 3. SUBTOTAL | $ | 2,399.80 | $ | N/A |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|     a. Payroll taxes and social security | $ | 403.54 | $ | N/A |
|     b. Insurance | $ | 147.03 | $ | N/A |
|     c. Union dues | $ | 0.00 | $ | N/A |
|     d. Other (Specify):   **401K** | $ | 143.63 | $ | N/A |
|     **401K-Loan** | $ | 74.04 | $ | N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 768.24 | $ | N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 1,631.56 | $ | N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | N/A |
| 8. Income from real property | $ | 0.00 | $ | N/A |
| 9. Interest and dividends | $ | 0.00 | $ | N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | N/A |
| 11. Social security or government assistance<br>(Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 12. Pension or retirement income | $ | 0.00 | $ | N/A |
| 13. Other monthly income<br>(Specify):   **See Detailed Income Attachment** | $ | 1,683.00 | $ | N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 1,683.00 | $ | N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 3,314.56 | $ | N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | | $ | 3,314.56 |

(Report also on Summary of Schedules and, if applicable, on<br>Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

In re  **Jaslyn V Farrell**                                                                    Case No.  **10-75656**
                                          Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
## Detailed Income Attachment

**Other Monthly Income:**

| | | | |
|---|---|---|---|
| part-time job with Walmart (net) | $ | **858.00** | $ | **N/A** |
| prorated income tax refund | $ | **250.00** | $ | **N/A** |
| son's contribution towards car loan | $ | **575.00** | $ | **N/A** |
| **Total Other Monthly Income** | $ | **1,683.00** | $ | **N/A** |

In re __Jaslyn V Farrell__     Case No. __10-75656__

Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | | | |
|---|---|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | | $ | 851.00 |
| a. Are real estate taxes included? | Yes __X__ | No ___ | | |
| b. Is property insurance included? | Yes __X__ | No ___ | | |
| 2. Utilities:   a. Electricity and heating fuel | | | $ | 194.00 |
| b. Water and sewer | | | $ | 47.97 |
| c. Telephone | | | $ | 0.00 |
| d. Other  __See Detailed Expense Attachment__ | | | $ | 319.09 |
| 3. Home maintenance (repairs and upkeep) | | | $ | 25.00 |
| 4. Food | | | $ | 450.00 |
| 5. Clothing | | | $ | 40.00 |
| 6. Laundry and dry cleaning | | | $ | 20.00 |
| 7. Medical and dental expenses | | | $ | 25.00 |
| 8. Transportation (not including car payments) | | | $ | 200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | | $ | 100.00 |
| 10. Charitable contributions | | | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | | |
| a. Homeowner's or renter's | | | $ | 0.00 |
| b. Life | | | $ | 0.00 |
| c. Health | | | $ | 0.00 |
| d. Auto | | | $ | 179.00 |
| e. Other  __home warranty__ | | | $ | 45.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | | |
| (Specify) ___ | | | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | | |
| a. Auto | | | $ | 575.00 |
| b. Other ___ | | | $ | 0.00 |
| c. Other ___ | | | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | | $ | 0.00 |
| 17. Other  __misc. contingency__ | | | $ | 143.00 |
| Other ___ | | | $ | 0.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)   $ __3,214.06__

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | | |
|---|---|---|---|
| a. | Average monthly income from Line 15 of Schedule I | $ | 3,314.56 |
| b. | Average monthly expenses from Line 18 above | $ | 3,214.06 |
| c. | Monthly net income (a. minus b.) | $ | 100.50 |

In re   **Jaslyn V Farrell**                                                                                     Case No.   **10-75656**

Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---:|
| ADT Alarm Services | $ | 144.09 |
| Cell Plone | $ | 70.00 |
| internet/cable/phone | $ | 105.00 |
| **Total Other Utility Expenditures** | $ | **319.09** |

BAC Home Loan Services/ Bank Of America
P.O Box 5170
Simi Valley, CA 93062-5170


Bac Home Loans Servici
450 American St
Simi Valley, CA 93065


Bally Total Fittness/Allied Interstate
3000 Corporate Exchange Dr 5th Floor
Columbus, OH 43231


Bank Of America
4060 Ogletown/Stanton Rd
Newark, DE 19713


Bank Of America NA
P.O Box 15026
Wilmington, DE 19850-5026


BP/Card Services
P.O Box 15153
Wilmington, DE 19886-5153


BP/Card Services
P.O.Box15153
wilmington, DE 19886-5153


Chase
201 N. Central Ave Floor 11
Phoenix, AZ 85004


Chase Auto
PO BOX 78067
Phoenix, AZ 85062-3051


Chase- Bp
Po Box 15298
Wilmington, DE 19850


Gemb/walmart
Po Box 981400
El Paso, TX 79998

HFC
P.O. Box17574
Baltimore, MD 21297-1574


Hfc - Usa
Po Box 3425
Buffalo, NY 14240


Hsbc Bank
Attn: Bankruptcy
Po Box 5213
Carol Stream, IL 60197


HSBC Card Services
P.O. Box 17051
Balltimore, MD 21297-1051


HSBC Card Services/Orchard Bank
P.O. Box 17051
Baltimore, MD 21297-1051


Macys
P.O Box 689195
Des Moines, IA 50368-9195


Old Pueblo Traders
P.O Box 569465
San Antonio, TX 78265-9465


Santander Consumer USA
P.O. Box 562088, Suite 900-N
Dallas, TX 75247


Santander Consumer Usa
8585 N Stemmons Fwy Ste
Dallas, TX 75247


Sentara Medical
P.O Box 79698
Baltimore, MD 21279-0698


TArget National Bank
C/O Payment Processing P.O.Box 59231
Minneapolis, MN 55459-0231

Target National Bank/Target Credit Servi
P.O.Box 59317
Minneapolis, MN 55459-0317


Tnb-visa
Po Box 560284
Dallas, TX 75356


United Consumer Financial Services
P.O Box 856290
Louisville, KY 40285-6292


United Consumer Financial Services
865 Bassett Rd
Westlake, OH 44145


Walmart/GEMB
P.O Box 530927
Atlanta, GA 30353-0927


Wfnnb/az Mail Order
995 W 122nd Ave
Denver, CO 80234


Wfnnb/ny&c
220 W Schrock Rd
Westerville, OH 43081